vices rendered at a stipulated price agreed upon between the parties, independent of such statute.

Judgment reversed.   OPINION by MR. CHIEF JUSTICE SIMPSON, July 30, 1885.  *W. J. Verdier,* for appellant.   *William Elliott,* contra.

No. 1739.   NICHOLS *v.* RAILROAD COMPANY.   April Term, 1885.   Plaintiff sued defendant, the Wilmington, Columbia & Augusta Railroad Company, in a trial justice's court, for damages in killing a cow.  The trial justice gave judgment, upon the verdict of a jury, for $40.   Defendant appealed, and the Circuit Judge (Cothran) dismissed the appeal.   Defendant then appealed to this court on the following exceptions :

1. Because his honor erred in failing to sustain the appeal from the trial justice's court upon the grounds stated in said appeal.

2. Because his honor erred in failing to reverse the finding in the court below on the testimony in the case.

3. Because his honor erred in holding as matter of fact that it was such negligence in the appellants to run their train around the curve at the rate of speed shown by the testimony as to make said company liable for damages for killing the cow in question.

1. The first ground cannot be considered, especially so, as the respondent invokes the protection of the rule of court.

2. The second ground points out no specific error, and besides raises only a question of fact, of which this court has no jurisdiction in a case like this.

3. The third exception points out no error of law, but only one of fact upon which the judge, acting as a jury, has passed, and this court cannot review it.

Judgment affirmed.   OPINION by MR. JUSTICE McIVER, July 30, 1885.   *J. H. Rion,* for appellant.   *C. A. Woods,* contra.

No. 1741.   GRAY & Co. *v.* HILL.   April Term, 1885.   This was an action on four notes, and the defence was payment.   Verdict for defendant.   Plaintiffs appealed upon three grounds, two of which raised only questions of fact.   The third imputed error to the Circuit Judge (Cothran), in charging the jury that defend-

ant was entitled to credit for certain cotton of defendant, seized by the sheriff under plaintiffs' lien, and at their instance, and sold, and the proceeds, upon claim of a third party, paid over to the clerk of court, and by him to such third party, if the jury thought that such cotton really belonged to the defendant. This court saw no error in this charge. "It is well settled that a levy under an execution or other process is *prima facie* satisfaction *pro tanto*, and until the plaintiffs showed, as they failed to do, that this cotton was not applicable to their claim, they were bound to account for its value."

Judgment affirmed. OPINION by MR. JUSTICE McIVER, August 1, 1885. *J. C. Haskell*, for appellant. *Holmes & Simpson*, contra.

In this case there was a petition for a rehearing, which was refused.

No. 1748. MOWRY *v.* MOWRY. April Term, 1885. Plaintiff, claiming to be the only living issue of an intestate, brought this action against the widow for partition. The defendant denied the legitimacy of the plaintiff's father, who was the intestate's son, and alleged that the paternal grandmother of plaintiff had never been the wife of intestate, but that she, defendant, was his only wife. Plaintiff, while willing to let the defendant have one-third of the land involved, denied that she was the lawful wife of intestate, and insisted that his grandmother was lawfully married. The Circuit Judge (Witherspoon) decreed in favor of plaintiff, giving to him one-third of the land, and defendant appealed. But as it appeared from the evidence that defendant had three children by intestate, one at least of whom was living, this court declined to pass upon the merits of the case until these children were made parties, as they were necessary parties, and had a right to be heard upon the issue involved. And to this end the judgment below was reversed without prejudice, and the cause remanded for a new trial, with leave to plaintiff to amend by making such additional parties. OPINION by MR. JUSTICE McIVER, September 14, 1885. *G. W. Brown*, for appellant. *Ward & Nettles*, contra.